IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GEORGE TIPTON, IV, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:12-CV-175 (WLS) |
| HIRE RIGHT, and DANTE BORGHESE, | : | |
| Defendants. | : | |

# ORDER

Presently pending before the Court is Defendants' Motion to Dismiss (Doc. 8), Plaintiff's Motion to Transfer[1] (Doc. 15), and Plaintiff's Motion to Proceed (Doc. 17). Because Plaintiff requested that this action remain in this Court (*see* Doc. 17 at 1), Plaintiff's Motion to Transfer (Doc. 15) is **DENIED AS MOOT**. For the following reasons, Defendants' Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. As such, Plaintiff's Motion to Proceed (Doc. 17) is also **DENIED AS MOOT**.

# BACKGROUND

On November 16, 2012, Plaintiff filed the instant action claiming Defendants violated the Freedom of Information Act when they "gave personal information to a [sic] unknown company by the Plaintiff." (Doc. 1 at 1.) Plaintiff "request[ed] mental anguish pain and suffering in the amount of $20,000,000." (*Id.* at 2.) Plaintiff attached a letter from Defendant Hire Right informing Plaintiff that some of his personal information

---

[1] Although Plaintiff styled this Motion as a "Motion to Proceed Lack Subject Matter Jurisdiction Over This Action," the Court construes it as a Motion to Transfer because therein Plaintiff requested the Court to "transfer the case to the U.S. DISTRICT COURT – WESTERN DISTRICT OF OKLAHOMA." (Doc. 15.)

1

was unintentionally communicated to another customer. (*Id.* at 3.) The letter explained that the recipient destroyed the report, which did not include Plaintiff's Social Security Number or date of birth. (*Id.*) Additionally, Defendants included a check to pay for credit monitoring for one year. (*Id.*)

On March 11, 2013, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, Improper Venue, Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Motion for More Definite Statement. (Doc. 8.) On March 18, 2013, Plaintiff filed Statement of Fact and Statement of Claim Upon Releif [sic] Can be Granted. (Doc. 10.) Defendants replied on April 3, 2012, and claimed that Plaintiff failed to respond to any of their Motions. (Doc. 11.) On April 3, 2013, the Court noticed Plaintiff that a dispositive motion had been filed in this case, and ordered him to respond. (Doc. 12.) Plaintiff filed Motion to Proceed Where Releif [sic] Can be Granted on April 10, 2013. (Doc. 13.) Defendants filed a reply on April 17, 2013. (Doc. 14.)

On April 30, 2013, Plaintiff filed Motion to Proceed, and requested the Court to transfer this action to the United States District Court for the Western District of Oklahoma. (Doc. 15.) Defendants responded on May 17, 2013. (Doc. 16.) On June 4, 2013, Plaintiff filed another Motion to Proceed, and stated that "[s]ince this case has not been transfer [sic] to the Western District court of Oklahoma [sic] just leave it in this court because the judge has viewed my complaint and additional evidences [sic] to support my claim." (Doc. 17.)

## **DISCUSSION**

A party may assert by motion the defense of lack of subject matter jurisdiction, and the Court must dismiss an action if it finds that subject matter jurisdiction is lacking at any time. FED. R. CIV. P. 12(b)(1) & 12(h)(3). Therefore, a federal court has not only

2

the power but the obligation "to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (citing *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir.1999)). This Court is mindful, however, that "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997) (citing *Simanonok v. Simanonok*, 787 F.2d 1517, 1519 (11th Cir. 1986)).

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' " *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)); *see also Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)) ("[T]he court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true.").

"Factual attacks," on the other hand, serve to "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.' " *McElmurray*, 501 F.3d at 1251. Therefore, a district court's treatment of a motion to dismiss as a facial, rather than factual, attack "consider[s] only the complaint and the attached exhibits." *Id.*

Because federal courts are courts of limited jurisdiction, a plaintiff must affirmatively allege in his complaint the existence of jurisdiction and facts demonstrating its existence. *Beavers*, 265 F. App'x at 777 (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 (11th Cir. 2000), and *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also* FED. R. CIV. PRO. 8(a)(1) ("A pleading that states a claim for relief must include . . . a short and plain statement of the grounds for the court's jurisdiction."). A plaintiff may do so by alleging one of two types of jurisdiction: (1) federal question jurisdiction, or (2) diversity of citizenship jurisdiction. 28 U.S.C. §§ 1331-32.

Federal question jurisdiction allows a court to exercise jurisdiction over an action where the claim "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In other words, the complaint must demonstrate that the plaintiff seeks to enforce and recover under a federal right, protected by federal laws or the Constitution, as an essential part of its cause of action. *Miccosukee Tribe of Indians of Fl. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) ("[A] mere incantation that the cause of action involves a federal question is not always sufficient.").

Diversity of citizenship, the other potential basis for subject matter jurisdiction, requires the plaintiff to be a citizen of a different state than the defendants and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. Hence, each named plaintiff must be completely diverse in citizenship from each named defendant. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999)).

Whether or not federal question jurisdiction is presented is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *See* Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).  In his Complaint, Plaintiff cites federal law; however, the Court reviews each allegation herein to determine whether Plaintiff meets the low threshold to state a claim.  *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

Plaintiff's sole ground for relief is the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  (*See* Doc. 1.)  Even though Plaintiff cites this Act, the Court nonetheless lacks federal question jurisdiction over this suit.  "[T]he Freedom of Information Act applies only to federal agencies."  *Nero v. Maryland*, 487 F. App'x 89, 90 (4th Cir. 2012).  The statute defines "agency" as "each authority of the Government of the United States," with various exceptions.  *See* 5 U.S.C. § 551(1).  Defendants, who are not entities of the federal government, are not subject to the provisions of the FOIA.  Because the Court is not aware of any other federal law that would redress the harms alleged by Plaintiff, and Plaintiff cites none, the Court concludes that it does not have federal question jurisdiction over this suit.

The Court also finds that it does not have diversity jurisdiction over this suit.  The amount of damages that is requested by a plaintiff "controls if the claim is apparently made in good faith."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  However, the Court need not be bound by Plaintiff's request for damages if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.* at 288-89.  "[I]f, from the face of the pleadings, it is apparent to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the

5

court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *Id.* at 289.

Plaintiff has alleged three different damage amounts. Plaintiff's first request for damages, which was alleged in his Complaint, was $20 million. (Doc. 1 at 2.) This request does not confer jurisdiction on this Court because (1) Plaintiff himself asserted that this amount was requested in error (*see* Doc. 10 at 2), and (2) the Court is convinced to a legal certainty that the facts alleged by Plaintiff, even if demonstrated, would not entitle Plaintiff to $20 million under state or federal law. Plaintiff's second request for damages was $20,000. (Doc. 10 at 2.) This amount does not meet the jurisdictional requirement and therefore cannot confer diversity jurisdiction. *See* 28 U.S.C. 1332(a).

Plaintiff's third request for damages was $75,000. (Doc. 13 at 2.) Plaintiff noted that he was requesting this amount for "Mental Anguish and Stress" because "my relief was not acceptable from the Defendant." (*Id.*) The Court finds that this request also fails to confer diversity jurisdiction. First, to confer diversity jurisdiction, the amount in controversy must *exceed* $75,000. 28 U.S.C. § 1332(a). A request for damages of $75,000 on its face fails to meet the amount in controversy requirement. Second, the Court finds that the requested damages were not made in good faith. Whether the "relief was not acceptable from Defendant" is of no import. While drafting his Complaint, Plaintiff's sole concern should have been to seek redress in good faith. Third, the Court is convinced to a legal certainty that Plaintiff is not entitled to recovery in an amount that would satisfy the requirements for diversity jurisdiction. Plaintiff claims that the unintentional revelation of information "could cost me my lively hood"

6

although "[t]his information may not appear on a credit report as of now." (Doc. 10 at 1.) Plaintiff does not point to any provision of law that would entitle him to any damages whatsoever. Plaintiff's general assertion that he may be caused harm of an uncertain amount is insufficient to invoke this Court's diversity jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007).

Further, Plaintiff fails to state a claim upon which relief can be granted. A sufficient complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PRO. 8(a)(2). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Defendants may not be held liable under FOIA, Plaintiff's Complaint fails to state a claim upon which relief may be granted. *See Nero*, 487 F. App'x at 90.

Based on the foregoing, Defendants' Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE.** Because Plaintiff requested that this action remain in this Court (*see* Doc. 17 at 1), Plaintiff's Motion to Transfer (Doc. 15) is **DENIED AS MOOT.** Because Defendant's Motion to Dismiss has been granted, Plaintiff's Motion to Proceed (Doc. 17) is **DENIED AS MOOT.**

**SO ORDERED**, this  16th  day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**
